UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
RICHIE BERMUDEZ,                    :
                                    :    04 cr. 685 (LAP)
           Petitioner,             :    16 cv. 5356 (LAP)
                                    :
  -against-                        :    ORDER
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                                    :
           Respondent.             :
                                    :
------------------------------------X

Loretta A. Preska, Senior United States District Judge:

    On June 30, 2016, Richie Bermudez ("Petitioner" or "Bermudez") acting pro se filed a motion to correct, vacate, and/or set aside the sentence pursuant to 28 U.S. § 2255. (See Mot. to Vacate, dated June 30, 2016 [dkt. no. 1].) On July 14, 2016, the Court issued an Order requiring the Government to respond to Petitioner's motion. (See Order, dated July 14, 2016 [dkt. no. 3].) On October 13, 2016, Petitioner filed a motion for default judgment because of the Government's failure to oppose the motion. (See Mot. for Default, dated Oct. 13, 2016 [dkt. no. 6].) Thereafter, the Government submitted a request for an extension of time to file an opposition. (See Extension Req., dated Oct. 21, 2016, [dkt. no. 7].)

    This case was then referred to Magistrate Judge Debra Freeman to issue a Report and Recommendation, (Referral Order,

1

dated Oct. 24, 2016 [dkt. no. 8]), who produced an Order stating that this case had not yet been briefed and therefore a decision on the merits was premature, (see Freeman Order, dated Nov. 1, 2016 [dkt. no 9]). In light of the Government's letter indicating its intent to oppose Petitioner's motion, Judge Freeman stated that she intended to issue a Report recommending the Court deny the motion for default judgment. (See id.) In response, Petitioner filed objections to the Court arguing that a default judgment should have been entered. (Objections ("Obj. 1"), dated Nov. 21, 2016 [dkt. no. 10].) Judge Freeman then wrote a preliminary Report and Recommendation recommending that the motion for default judgment be denied. (Preliminary R&R, dated Dec. 2, 2016, [dkt. no. 11].) Petitioner subsequently objected to the Preliminary Report and Recommendation on the grounds that the Magistrate Judge did not have authority to extend the deadline for the Government to respond. (Objections ("Obj. 2"), Dec. 28, 2016 [dkt. no. 12].)

Petitioner has made a timely objection to the Report pursuant to 28 U.S.C. § 2255. Petitioner, however, has not made specific objections and simply contests Magistrate Judge Freeman's ability to make recommendations to the District Court. (See Obj. 2 ("[Judge Freeman] lacks subject matter jurisdiction to overrule the Court's order allowing the respondent 60 days to file its response"); see also Obj. 1.) The Court is permitted

2

"to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991), (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) and Mokone v. Kelly, 680 F. Supp. 679, 680 (S.D.N.Y. 1988)). Having reviewed the Report and having found no clear error, the Court hereby accepts the Magistrate Judge's Preliminary Report and Recommendation. Defendant's motion for default judgment (dkt. no. 6) is thus denied.

Even supposing Petitioner's objections were specific such that the District Court was required to review Magistrate Judge Freeman's Preliminary Report and Recommendation de novo, Batista v. Walker, 1995 WL 453299, at *1 (S.D.N.Y. 1995), the Court would still deny Petitioner's motion for default judgment. Default judgments "are generally disfavored and are reserved for rare occasions. . . when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). The Government has filed a request indicating its intent to oppose the motion, and Petitioner has pointed to no evidence to suggest this request was made in bad faith. The Government here is not the "obstructionist adversary," id., against which default judgments are designed to protect litigants. Therefore, even if the District court were to

3

review the issue de novo, the Court denies Petitioner's motion for default judgment (dkt. no. 6).

In addition to the motion for default judgment issue discussed above, the Court hereby adopts the following additional recommendation of Magistrate Judge Freeman, to which Petitioner did not specifically object:

Petitioner is directed to inform Magistrate Judge Freeman within fourteen (14) days of this decision whether he wishes to proceed with any claims raised in the motion to vacate that allege that his trial counsel, Roger B. Adler, Esq., provided ineffective assistance of counsel, thereby waiving his attorney-client privilege.

CONCLUSION

For the foregoing reasons the Petitioner's motion for default judgement (dkt. no. 6) is denied. The case remains referred to Magistrate Judge Freeman as per the October 24, 2016 referral order. (See Referral Order [dkt. no. 8].)

SO ORDERED.

Dated: New York, New York
May 15, 2017

_____
LORETTA A. PRESKA
Senior United States District Judge

4